589 P.2d 1052

**Doris Mae JACKSON and Gary Jackson, Petitioners,**

v.

**STATE of New Mexico, Respondent.**

**No. 12233.**

Supreme Court of New Mexico.

Feb. 1, 1979.

Reginald J. Storment, Appellate Defender, Alice G. Hector, District Public Defender, Santa Fe, for petitioners.

Toney Anaya, Atty. Gen., Janice Marie Ahern, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Chief Justice.

The sole question presented by this petition for writ of certiorari is whether a co-perpetrator of a felony can be charged with the felony murder of a co-felon, under § 30-2-1(A)(3), N.M.S.A. 1978, (formerly § 40A-2-1(A)(3), N.M.S.A. 1953), when the killing is committed by the intended robbery victim while resisting the commission of the offense. We hold that he cannot.

On September 8, 1977, defendant and co-felon entered a pharmacy where Walter Bunt was working as a pharmacist. Defendant remained near the front of the store. Co-felon went back to the prescription counter where Bunt was standing, asked him questions about vitamins, then pulled a gun on him and demanded narcotic drugs. Co-felon and Bunt went into a back room where the drugs were stored. Bunt removed the drugs from the shelf and "accidentally" dropped some of them on the floor. Co-felon stooped to the floor to pick up the loose drugs. Bunt also bent down, as if to help co-felon, but instead grabbed for co-felon's gun. As the two wrestled, co-felon yelled to defendant that he needed help.

Bunt sensed that defendant was approaching, stopped wrestling with co-felon, and told him to take the drugs and leave. As Bunt stepped into the bathroom, defendant attempted to shut him inside. When Bunt became aware that defendant had run out of the room, he loaded his personal pistol, opened the bathroom door, and exchanged shots with co-felon. Co-felon died from a gunshot wound inflicted by Bunt. Defendant fled with co-defendant, who had been waiting in a getaway car. Bunt never saw defendant or co-defendant and was unable to identify them.

Defendants were indicted and charged with the murder of their co-felon. Liability was based on the felony-murder doctrine. The trial court dismissed the murder charge, holding that the majority and best-reasoned view was that felon could not be held criminally responsible for the death of his co-felon when the killing was committed by the victim resisting the commission of the offense, and that *State v. Harrison*, 90 N.M. 439, 564 P.2d 1321 (1977) was not controlling in this situation. The Court of Appeals reversed. We reverse the Court of Appeals and affirm the trial court's dismissal of the murder charge.

In *State v. Jackson*, 17 N.M.St.B.Bull. 2885, 2888, (Ct.App.1978), the Court of Appeals stated that the "second aspect of *Harrison* expands the application of the felony-murder rule to permit felons to be guilty of murder when the victim has killed

their co-felon." (Emphasis added.) We disagree. In *Harrison, supra,* this Court intended to *limit* the application of the felony-murder doctrine and to keep responsibility under this doctrine in line with the evolving concepts of criminal law. Thus, any expansion of the felony-murder doctrine would fly directly against the progressive direction taken by this court in *Harrison, supra.*

We do not subscribe to the Court of Appeals' reasoning—a reasoning that would thrust our state backward to the unenlightened era of criminal responsibility. Instead we adopt the majority and best-reasoned view; namely, the felony-murder doctrine should not be expanded to cover the situation where the victim of the crime kills a perpetrator. See *People v. Antick,* 15 Cal.3d 79, 123 Cal.Rptr. 475, 539 P.2d 43 (1975); *State v. Canola,* 73 N.J. 206, 374 A.2d 20 (1977); *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 261 A.2d 550 (1970); *Commonwealth v. Redline,* 391 Pa. 486, 137 A.2d 472 (1958).

We hold that, under the facts of this case, a co-perpetrator of a felony cannot be charged under our felony-murder statute with the felony murder of his co-felon when the killing is committed by the intended victim while resisting the commission of the offense. The decision of the Court of Appeals is hereby reversed. The trial court's dismissal of the murder charge is affirmed.

McMANUS, Senior Justice, EASLEY and FEDERICI, JJ., concur.

PAYNE, J., dissenting.

PAYNE, Justice, respectfully dissenting.

I respectfully dissent from the majority opinion. The majority has adopted the view that the felony-murder doctrine may not be applied to a case in which the victim of a crime kills one of the perpetrators. I cannot concur in the absolute prohibition against the application of the felony-murder rule in all such cases.

The majority suggests that its approach is consistent with "the progressive direction" taken by this Court in *State v. Harrison,* 90 N.M. 439, 564 P.2d 1321 (1977). In analyzing the issue raised by this case,

the majority appears to ignore the very tests which *Harrison* established. The rule adopted is logically inconsistent with the language of this Court in *Harrison.* I write this dissent to set forth what I believe to be an approach consistent with the decision in *Harrison* and with the principle of accountability for those who perpetrate criminal acts.

We held in *Harrison* that the acts of the defendant or his accomplice must be the *cause* of the death upon which a felony-murder charge is based. Causation was defined in terms of the physical acts of the defendant or his accomplice which initiated or led to the killing without the intervention of an independent force. Nothing we said in *Harrison* intimated that the fatal shot must be fired by the defendant himself or his accomplice. To the contrary, in Footnote 1, we cited an example of a situation in which a felon could be convicted of felony-murder even though the fatal shot was fired by an innocent third party. We said:

A policeman who shoots at an escaping robber but misses and kills an innocent bystander would be considered a dependent, intervening force, and the robber would be criminally liable for felony murder . . . . .

90 N.M. at 442, 564 P.2d at 1324.

The majority opinion, read in the context of Footnote 1 in *Harrison,* establishes a distinction which has been rejected by most courts and commentators which have addressed the issue, including the courts in the jurisdictions relied on by the majority. See e. g., *People v. Washington,* 62 Cal.2d 777, 44 Cal.Rptr. 442, 402 P.2d 130 (1965); *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 261 A.2d 550 (1970); Note, 71 Harv.L. Rev. 1565 (1958). The present rule in New Mexico, in light of the *Harrison* decision and the decision of the Court in the present case, is that if an innocent third party's aim is true and one of two robbers is killed, the surviving felon is not guilty of felony-murder. If the third party's aim is not accurate and an innocent person is killed, the surviving felon may be convicted of felony-murder. Thus, responsibility and accountability for the loss of life resulting from the commission of a crime rests not upon any well-

reasoned principle of law, but rather, upon the accuracy of the aim of a party resisting a criminal act. Public respect for the law is not enhanced by courts engaging in distinctions based on such fortuitous circumstances as the markmanship of victims.

Any distinction based on the notion of causation is illusory. The shooting of a co-felon by the victim is no less "a dependent, intervening force" than is the policeman's accidental shooting of an innocent bystander. It is as foreseeable that a co-felon will be killed while committing a felony as it is that an innocent bystander will accidentally become the victim. In fact, it may be more likely that a bullet will hit the person it is aimed at rather than another person not aimed at. W. LaFave & A. Scott, Criminal Law, 552, n. 43 (1972).

It has been suggested that a possible basis for the result reached by the majority in this case is that the co-felon assumes the risk of being killed. Note, 71 Harv.L.Rev. 1565 (1958). This tort concept has no place in the criminal law where the wrong to be vindicated is a public rather than a private wrong. Note, 71 Harv.L.Rev. 1565, 1566 (1958); Moesel, "A Survey of Felony Murder", 28 Temp.L.Q. 453, 456–66 (1955).

It is not a defense to a charge of murder that the victim consented to his own killing. It is more logical to hold a co-felon responsible for the foreseeable risk he assumes when he engages in an inherently dangerous occupation, than to absolutely and unconditionally absolve him of all responsibility for a death which is a natural and foreseeable consequence of his criminal behavior.

The second standard set forth in *Harrison* holds that to satisfy the *mens rea* requirement of felony-murder the underlying felony must be one which is "inherently or foreseeably dangerous to human life." We said:

> Assuming the *actus reus* condition is met, the *mens rea* of one who is committing a felony which is inherently or foreseeably dangerous to human life is sufficient to justify convicting a defendant of felony murder . . . .

90 N.M. at 442, 564 P.2d at 1324.

In determining whether this *mens rea* requirement is met, we held that

> both the nature of the felony and the circumstances surrounding its commission may be considered to determine whether it was inherently dangerous to human life. (Citations omitted.) . . . In the final analysis this is for the jury to decide in each case, subject to review by the appellate courts.

*Id.*

Examining the facts in this case by the foregoing test, it seems clear that this case should have been submitted to the jury. An armed robbery is an inherently dangerous act. The circumstances surrounding the commission of this particular robbery show that the deceased co-felon, Sponseller, entered the victim's store and pointed his gun at the victim. Sponseller appeared nervous. The victim and Sponseller struggled for control of Sponseller's gun. Sponseller called for help from one of the defendants, Gary Jackson. Jackson attempted to shut the victim in a back room. The victim then loaded his own gun, left the back room, and shot Sponseller. Sponseller returned the fire twice and the victim also shot twice more.

I would not hold that these facts support a felony-murder conviction as a matter of law. However, under the standards this Court set forth in *Harrison*, these facts are sufficient to submit the felony-murder charge to the jury.

Although I concede that in the majority of American jurisdictions neither an excusable or justifiable homicide can support a felony-murder charge, I believe that the best approach is to consider each case in light of the standards this Court adopted in *Harrison*. By examining each case in terms of the *actus reus* requirement of causation and the *mens rea* requirement of a foreseeably or inherently dangerous crime, we restrict the felony-murder rule to reasonable bounds without totally absolving a felon of responsibility for a death which is a foreseeable result of such a crime.

I therefore dissent.